**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE SIMONS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-0008** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Sharp** |
| | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM OPINION**</u>

Movant Dominique Simons, a federal prisoner presently housed at USP McCreary in Pine Knot, Kentucky, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by Judge Thomas A. Wiseman, Jr. of this Court on August 8, 2012. Judge Wiseman having since retired, this matter has been assigned to the undersigned for resolution. For the reasons set forth herein, the Court finds that an evidentiary hearing is not required and that the movant is not entitled to relief.

**I.      Procedural Background**

In December 2010, Mr. Simons and numerous co-defendants were charged in a criminal complaint with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, and 280 grams or more of a mixture and substance containing crack cocaine, both Schedule II controlled substances. (*United States v. Porter et al.*, No. 3:11-cr-0012, ECF No. 2 (criminal complaint).) Counsel was appointed for Mr. Simons, and the grand jury issued a multi-count indictment a few weeks thereafter. (*Id.*, ECF No. 202.)

From April 2 through May 7, 2012, the attorneys for Mr. Simons and his co-defendants filed a series of motions to suppress various wiretaps and searches that had produced the evidence used to charge them. Judge Wiseman held a hearing on these motions on July 10, 2012 and denied the motions to suppress the wiretaps from the bench. (*See id.*, ECF No. 1049 (amended minutes from hearing).) On July 17, 2012, the Court entered a written order specifically denying Mr. Simons' motion to suppress evidence found at 671 Renee Court in Nashville. (*Id.*, ECF No. 1078.)

On August 3, 2012, the United States filed an Information Alleging Prior Felony Drug Conviction (*Id.*, ECF No. 1111) under 21 U.S.C. § 851, asserting that Mr. Simons had been convicted of a felony drug offense in Montgomery County, Tennessee in March 2010. In this document, the United States asserted that the prior drug conviction had become final before the defendant committed the acts charged in the present indictment and that, with the enhancement, the defendant, Mr. Simons, faced a statutory mandatory minimum sentence of twenty years and up to life imprisonment, and a ten-year term of supervised release. (*Id.*)

On August 8, 2012, Mr. Simons entered into a binding plea agreement with the United States and, in conjunction therewith, submitted to the Court a petition to enter a guilty plea, which the Court accepted. (*Id.*, ECF No. 1125.) As part of the plea agreement, Mr. Simons pleaded guilty to Count One of the indictment. He admitted that the Information under § 851 was applicable to him and that he was subject to a sentence of not less than twenty years and up to life imprisonment. The movant agreed that his prior criminal history qualified him as a career offender as defined by the United States Sentencing Guidelines, resulting in an offense level of 27 and automatic placement in Criminal History Category IV. The advisory guideline imprisonment range with early acceptance of responsibility was 262 to 327 months. Further, however, "the parties agree[d] that the U.S.S.G calculations for this defendant [were] moot so long as the Court impose[d] the agreed imprisonment sentence in this case," of 262 months. (*Id.* at 17 ¶ 9, 18 ¶ 11.) Finally, Mr. Simons agreed to waive his right "to appeal any issue bearing on the determination of whether he is guilty of the crime to which he is agreeing to plead guilty" and "the right to appeal any sentence of 262 months imprisonment and ten years supervised release." (*Id.* at 20 ¶ 16.) He also "knowingly waive[d] the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." (*Id.*) He reserved the right only to raise claims of involuntariness, prosecutorial misconduct, and ineffective assistance of counsel. (*Id.*)

Judgment was entered and Mr. Simons, through counsel, filed a timely notice of appeal. (*Id.*, ECF No. 1158.) After filing the notice of appeal, Mr. Simon's then-counsel, Richard Tennent, filed a motion to withdraw and new counsel was appointed. Mr. Simons, through new counsel, subsequently filed a motion to voluntarily dismiss his appeal, which the Sixth Circuit granted on February 4, 2013.

Mr. Simons filed his present motion under § 2255 around December 28, 2013.[1] The United States concedes that it is timely.

## II.     The Current Motion

Mr. Simons asserts three claims for relief:

(1) that defense counsel was ineffective insofar as he failed to file a notice of appeal despite a specific request by the movant that he do so;

(2) that defense counsel was ineffective for failing to challenge the § 851 information on the grounds that the conviction referenced in the information was not final at the time Mr. Simons committed the acts giving rise to the conviction he challenges now; and

(3) that the enhancement violated Mr. Simons' Sixth Amendment right to a jury since the facts establishing the enhancement were not determined by a jury.

Shortly after the motion was filed, the Court conducted a preliminary examination thereof and determined that it stated a colorable claim for relief. The Court entered an order in this action (ECF No. 3) directing the United States to answer, plead or otherwise respond to the petition. Rule 5, Rules Gov'g § 2255 Proceedings. The Untied States has now filed its response along with an affidavit from Mr. Simons' former counsel, Richard Tennent.

In his affidavit, Mr. Tennent states that, regardless of what his client may have believed, Mr. Simons as a matter of law did not have the ability to bring an interlocutory appeal after the denial of his motions to suppress. However, Mr. Tennent filed a timely standard notice of appeal after entry of judgment. He thereafter withdrew from representation and had no involvement in the appeal, because he could not "imagine valid grounds for appeal that were not waived in the plea agreement" other than claims involving "some error or omission on the part of counsel." (ECF No. 7-1, at 2 ¶ 6.) Mr. Tennent further avers that the § 851 enhancement notice "was completely legally irrelevant to the guideline calculation," because Mr. Simons would have been considered a career offender even without it (*id.* at 3 ¶ 11) and that, regardless, under Tennessee law the conviction underlying the § 851 notice was "final" even though

---

[1] The § 2255 motion was signed by the movant but not dated. The envelope in which it was placed was stamped as received by prison authorities on December 28, 2013. It was docketed in this Court on January 2, 2014.

post-conviction proceedings were ongoing.

## III.     Discussion

### A.     Alleged Failure to File a Notice of Appeal

Mr. Simons asserts that he "unequivocally instructed" Mr. Tennent to file a notice of appeal to challenge the denial of the motion to suppress the wiretap; that Mr. Tennent failed to do so; and that, based on Sixth Circuit law, Mr. Simons was prejudiced by this purported failure. Generally, to make out an ineffective assistance of counsel claim, a § 2255 movant must demonstrate both deficient performance by the attorney and prejudice resulting from the attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," as a result of which prejudice will be presumed. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Mr. Simons relies on this principle to assert that he is entitled to relief.

Notwithstanding, there is no dispute in this case that Mr. Tennent actually filed a timely notice of appeal after entry of judgment against Mr. Simons. The Court therefore presumes that the movant is disgruntled by the fact that Mr. Tennent did not seek to pursue an interlocutory appeal of the denial of the motion to suppress the wiretap. As Mr. Tennent correctly states in his affidavit, however, Mr. Simons did not have the ability to pursue such an interlocutory appeal. *See, e.g.*, *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994) ("It is well settled that a criminal defendant cannot take an immediate appeal from an order denying a pretrial motion to suppress evidence. Rather, such an order can be appealed only after the entry of final judgment in the action." (citation omitted)). Accordingly, even if the Court presumes that Mr. Simons asked Mr. Tennent to appeal the denial of his motion to suppress, that Mr. Tennent assured him he would, and that Mr. Simons construed his response to indicate that Mr. Tennent would pursue an *immediate* appeal of the denial of the suppression motion, Mr. Tennent's failure to do so did not amount to "deficient performance," nor could that decision have been prejudicial. The district court would not have granted permission to pursue such an interlocutory appeal, and even if the district court had erroneously permitted the appeal, the Sixth Circuit would have dismissed it for lack of jurisdiction. *Cf. Shameizadeh*, 41 F.3d at 267 (dismissing *sua sponte* the defendants' appeals of the denial of motions to suppress for lack of appellate jurisdiction).

There was no legal basis for filing an earlier interlocutory appeal, and Mr. Tennent did file a timely post-judgment notice of appeal, preserving whatever appellate rights Mr. Simons retained after entry of his plea. Mr. Tennent's conduct was not deficient, and the movant is not entitled to relief on the basis of this claim.

### B. Failure to Challenge the § 851 Information

The underlying basis for all of Mr. Simon's claims regarding the § 851 information is that the Montgomery County drug conviction was not "final" at the time of the events giving rise to the federal conviction at issue here and therefore could not legitimately provide the basis for a sentence-enhancement under 21 U.S.C. § 841(b)(1)(A). In making this claim, the movant apparently relies on the fact that post-conviction proceedings regarding the state drug conviction remained pending even through August 2012, when Mr. Simons was sentenced on the conviction that is the subject of his § 2255 motion. Attached to Mr. Simons' motion as an exhibit is an order entered by the Montgomery County Circuit Court on July 15, 2013 which provides the history of the state-court conviction. (*See* ECF No. 1, at 19.) According to this order, Mr. Simons was arrested on a state drug charge in April 2008 and finally pleaded guilty and was sentenced to serve one year followed by sever years of probation on that charge on March 22, 2010. He apparently did not pursue a direct appeal of that conviction, but he filed a timely petition for post-conviction relief on March 17, 2011. (*Id.* at 20.) He was apparently unable to appear in that court for a hearing on his petition because he was in federal custody at the time. The Montgomery County order does not support Mr. Simons' contention that, because post-conviction proceedings were still pending at the time of his federal sentencing, his state conviction was not "final" for purposes of the mandatory minimum sentence provision at 21 U.S.C. § 841(b)(1)A.[1] This provision states in relevant part: "If any person commits such a violation *after a prior conviction for a felony drug offense has become final*, such person shall be sentenced to a term of imprisonment which may not be less than 20 years. . . ." *Id.*

As Mr. Tennent points out, under Tennessee law "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Generally speaking, in fact, a post-conviction petition is not

---

[1] The United States inexplicably construes Mr. Simons' motion as arguing that the conviction was not final because he was still on probation for the conviction.

filed until *after* a conviction has become final, because the purpose of the post-conviction petition is to challenge that conviction. *See, e.g.,* Tenn. Code Ann. § 40-30-102(a) ("[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part . . . , *if no appeal is taken*, within one (1) year of the date *on which the judgment became final*, or consideration of the petition shall be barred." (emphasis added)). The conviction on which the § 851 information was based became final in April 2010, thirty days after entry of judgment. Mr. Simons committed the acts giving rise to his federal conviction after that date, between August 2010 and December 2010. (*See* Case No. 3:11-cr-0012, ECF No. 1267 (Sent'g Tr.) at 10.)

Accordingly, Mr. Tennent could not have been ineffective for failing to challenge the enhancement on the basis that that conviction was not "final." The movant is not entitled to relief on the basis of this claim.

### C.    The § 851 Information Did Not Violate the Movant's Sixth Amendment Rights

It is clear for at least four reasons that the information and resulting enhancement in this case did not violate Mr. Simons' right to a jury. First, pursuant to statute, "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851. Mr. Simons did not raise a timely challenge to the §851 information and he has not presented "good cause" for bringing the challenge now. He has therefore waived his ability to challenge the information.

Second, in pleading guilty, Mr. Simons waived his right to a jury trial.

And even were that not the case, the law is clear that facts admitted by a criminal defendant and criminal history factors—and specifically prior convictions—do not need to be submitted to or decided by a jury. *See, e.g., United States v. Booker*, 543 U.S. 220, 244 (2005 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)). In this case, as part of his plea agreement, Mr. Simons expressly admitted that the § 851 information filed by the United States was "applicable to him." (No. 3:11-cr-0012, ECF No. 1125, at 7.) As set forth above, it is clear that Mr. Simons committed the acts giving rise to his federal conviction after the state conviction became final.

For all these reasons, Mr. Simons' claim that his Sixth Amendment rights were violated is with merit. He is not entitled to relief on the basis of this claim.

IV.     **CONCLUSION**

For the reasons set forth herein, the § 2255 motion will be denied. An appropriate order will enter.

Kevin H. Sharp
United States District Judge